**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**EDWARD JAMES NICHOLAS,**          :
                                            :
    **Petitioner**                        :
                                            :  **CIVIL NO. 3:CV-14-0029**
    **v.**                                    :
                                            :  **(Judge Caputo)**
**BRENDA TRITT,** *et al.***,**              :
                                            :
    **Respondents**                     :

**M E M O R A N D U M**

**I.   Introduction**

Edward James Nicholas, a Pennsylvania state inmate proceeding *pro se* and *informa pauperis*, has filed this petition for writ of habeas corpus under 28 U.S.C. § 2254.  Respondent moves to dismiss the § 2254 Petition on the grounds that the § 2254 Petition is an unauthorized successive petition.  For the reasons set forth below, Mr. Nicholas' applications to proceed *in forma pauperis* will be granted but his petition will be dismissed for lack of jurisdiction because it is a second or successive petition filed without the requisite authorization from the United States Court of Appeals for the Third Circuit as required by 28 U.S.C. § 2254(b)(3)(A).

**II.   Background**

On May 11, 1998, following a jury trial in the Dauphin County Court of Common Pleas, in Harrisburg, Pennsylvania, Mr. Nicholas was found guilty of aggravated assault.  He was sentenced to a term of 6 ½ to 20 years' imprisonment.

*Nicholas v. Commonwealth of Pa.*, Civ. No. 4:CV-05-1771, 2006 WL 1881228, at * 2 (M.D. Pa. Jul. 5, 2006).  On September 23, 1999, the Superior Court of Pennsylvania affirmed Mr. Nicholas' conviction.  He did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.  *Id*.

On June 29, 2000, Mr. Nicholas filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONN. STAT. ANN. § 9545(b)(3).  His PCRA petition was denied on April 9, 2001.  *Id*. at *3.  He did not appeal the denial of his PCRA petition to the Pennsylvania Superior Court.  *Id*.

On August 31, 2005, Mr. Nicholas filed his first § 2254 petition in this court.  *Id.*  By Memorandum and Order filed July 5, 2006, the court dismissed the petition as time-barred under 28 U.S.C. § 2244(d)(1).  *Id*.  On January 19, 2007, the United States Court of Appeals for the Third Circuit denied issuing Mr. Nicholas a certificate of appealability and affirmed the district court's dismissal of his petition as untimely filed.  *Nicholas v. Commonwealth of* Pa., C.A. No. 06-3641 (3d Cir. Jan. 19, 2007)(unpublished).

**III.   Discussion**

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas corpus petition in federal district court.  If a petitioner erroneously filed a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, the district court's only option is to dismiss the petition or

-2-

transfer it to the court of appeals pursuant to 28 U.S.C. § 1631. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S.Ct. 793, 796, 166 L.Ed.2d 628 (2007); *Blystone v. Horn*, 64 F.3d 397, 411-12 (3d Cir. 2011).

The AEDPA does not define the phrase "second or successive." *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires this procedure for second or successive application, it does not define what is meant by 'second' or 'successive.' "). A numerically second petition is not necessarily "second or successive" within the contemplation of the AEDPA if it attacks a different criminal judgment or if the earlier petition terminated without a judgment, as for example, where the earlier petition was dismissed without prejudice for failure to exhaust state court remedies. *Id*. at 208. The "second or successive" rule generally prohibits a district court from entertaining a successive petition that attempts to relitigate claims presented in a prior petition that was dismissed with prejudice, i.e. adjudicated on the merits.

Petitions dismissed as premature or for some other procedural defect, and petitions raising claims not available at the time of filing of the previous petition are not second or successive petitions. *See Panetti v. Quarterman*, 551 U.S. 930, 945 (2007); *Slack v. McDaniels*, 529 U.S. 473, 485-86 (2000)(petition dismissed for failure to exhaust state court remedies is not second or successive); *Steward v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998). A dismissal of a 28 U.S.C. § 2254 habeas petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders subsequent petitions under

§ 2254, challenging the same conviction, second or successive petitions under § 2244(b).  *See Stokes v. Gehr*, 399 F. App'x 697, 700 n. 2 (3d Cir. 2010) (non-precedential)(a motion under § 2254 would be "second or successive" when first petition is dismissed as untimely"); *In re Rains*, 659 F.3d 1274, 1275 (2011) (dismissal of first § 2254 petition is dismissed as time barred, future petitions challenging the same conviction are "second or successive" for purposes of 28 U.S.C. § 2244(b)); *McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009)(holding "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b).")

If in a second or successive petition a prisoner attempts to raise new claims not presented in the first petition, section 2244(b)(3) requires the prisoner to first seek an order from the court of appeals authorizing the filing of such claims.  A district court may not consider a successive petition in the absence of such authorization.

Since Mr. Nicholas' petition is a "second or successive" petition under §2244(b), he is required to request, and successfully obtain, an order authorizing such a filing by the United States Third Circuit Court of Appeals prior to filing another § 2254 petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  Because Mr. Nicholas fails to present such authorization from the Third Circuit Court of Appeals, his petition is subject to dismissal for lack of jurisdiction.

**IV.    Conclusion**

Based on the foregoing, the petition will be dismissed without prejudice to petitioner to seek approval to file a second or successive habeas petition from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

Under 28 U.S.C. § 2253(c)(1), "an appeal may not be taken to the court of appeals" from the final order in a § 2254 proceeding unless a certificate of appealability (COA) is issued.  *See* 28 U.S.C. § 2253(c)(1)(A).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, the court declines to issue a COA.

An appropriate Order follows.

                                                /s/ A. Richard Caputo
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**

**DATE: DECEMBER 16, 2014**